UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br>1300 DESERT WILLOW ROAD, LLC,<br>Debtor. | Bankruptcy Case No. 25-11375 (PB)<br><br>26 Civ. 8239 (KPF) |
| 1300 DESERT WILLOW ROAD, LLC,<br>Appellant,<br>v.<br>ROMSPEN INVESTMENT CORPORATION, *as agent and servicer for TIG Romspen US Master Mortgage L.P. and Fund Investment 149, LLC,*<br>Appellee. | **ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court begins by noting its appreciation for Judge Bentley's consideration in staying the effective date of his decision until the Court ruled on Debtor's Motion for Stay Pending Appeal (the "Motion"), the second such motion this Court has considered from Debtor and/or its ultimate equity owner, David Ebrahimzadeh. *See Ebrahimzadeh* v. *Romspen Inv. Corp.* (*In re 1300 Desert Willow Road, LLC*), No. 26 Civ. 8527 (KPF) (S.D.N.Y. Oct. 20, 2026). Since the Motion was filed on October 30, 2026 (Dkt. #11), the Court has reviewed the parties' submissions, including bankruptcy court transcripts and other record evidence, which this Order incorporates by reference, and finds no basis to depart from Judge Bentley's well-reasoned October 27, 2026 Bench Decision Denying Debtor's Motion for Stay Pending Appeal (Dkt. #18-1 (hereinafter "Op.")). That decision accurately states the legal standard

that courts apply in ruling on a stay motion, and the parties do not dispute that legal framework.[1] (*See* Debtor Br. 5; Dkt. #18 (hereinafter "Appellee Opp.") at 3-4). More importantly, the Court agrees with Judge Bentley and with Appellee that there is little chance, much less "a substantial possibility of success" (Debtor Br. 5), that Debtor's legal arguments will succeed on appeal. (*See* Op. 12-18 ("My conclusion is that the debtor has no chance of winning on appeal."); Appellee Opp. 5-8). Nor does Debtor appear to believe so, offering no material legal support for its interpretation of the Confirmation Order and Plan. (*See* Debtor Br. 6-8 (providing legal citation only for the proposition that "[t]he documents should receive an integrated reading that gives effect to their terms")).

The Court further agrees with Judge Bentley and Appellee that, given the lack of record evidence supporting Debtor's claims to obtain financing, any such financing is, at best, aspirational. (*See* Op. 19 ("It continues to be entirely speculative whether Mr. Ebrahimzadeh will be able to obtain financing, even if he has another month, even if he has another six months."); Ebrahimzadeh Decl. 3-5 (noting that Mr. Ebrahimzadeh is still "pursuing approximately $10 million of subordinate financing," while conceding that he has no "actual payoff proposal" at present)). Because the possible harm of denying the Motion is

---

[1] Confusingly, Debtor filed a single document that appears to contain four separate filings at docket entry 11. Those filings are: (i) a letter requesting oral argument; (ii) the Declaration of Charles A. Higgs ("Higgs Decl."); (iii) the Declaration of David Ebrahimzadeh ("Ebrahimzadeh Decl."); and (iv) Debtor's Motion for Stay Pending Appeal and Incorporated Memorandum of Law ("Debtor Br."). Each filing is referenced separately, with pincites specific to that filing.

limited to Debtor's lost opportunity to obtain refinancing (*see* Debtor Br. 10-12 (describing the Debtor's "opportunity to refinance"); Appellant Opp. 11-12 (citing Op. 19:10-11)), the Court agrees that Debtor's limited prospects of obtaining refinancing substantially lessens any possible harm to it.

Accordingly, for the reasons stated above as well as in Judge Bentley's October 27, 2026 Bench Decision and the Appellee's Opposition, the Court DENIES Debtor's *Motion for Stay Pending Appeal*. As a courtesy to the parties as they consider their appellate rights, the Court STAYS enforcement of this Order through November 13, 2026. To the extent that Debtor files an emergency motion for stay pending appeal with the United States Court of Appeals for the Second Circuit, this Order shall be stayed until the Second Circuit rules upon such motion.[2] The Clerk of Court is directed to terminate the motion pending at docket entry 11.

SO ORDERED.

Dated: November 10, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

[2] If the Debtor wishes to pursue a motion for stay pending appeal with the U.S. Court of Appeals for the Second Circuit, it must do so on an emergency basis. Failure to designate such motion accordingly will automatically terminate this Court's stay.